**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHARLES SCHOBER,

    Plaintiff,

v.                                                   Case No. 07-CV-11922

MARITZ INC.,

    Defendant.
                                                        /

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO STRIKE PLAINTIFF'S LIABILITY EXPERT**

Pending before the court is Defendant, Maritz Inc.'s "Motion to Strike Plaintiff's Liability Expert, Donald Willcutt, Pursuant to FRE 702 and MCL 600.2955." The motion has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion.

**I. BACKGROUND**

This dispute stems from an injury that occurred during Chrysler's "Ride & Drive" program ("the program"). The facts, for the purposes of this motion, are not contested. Chrysler entered into a contract with Defendant to schedule the program and provide logistical support. Defendant, in turn, contracted with the Show Support Group to provide a driver and trailer to transport the automobiles. The program was designed to promote Dodge Charger automobiles to police departments around the country. The program ultimately visited eight cities and the vehicles were transported between the various sites using trailers.

Plaintiff Charles Schober, a Chrysler employee, was responsible for keeping the vehicles in working order throughout the program. Specifically, Plaintiff was responsible for installing replacement parts, monitoring fluid and oil levels and performing repair work and general maintenance.

On January 8, 2006 the program began in Los Angeles, California. The vehicles were being stored on a 53-foot standard dry freight trailer. Prior to the demonstration, Plaintiff determined that the cars needed oil and washer fluid. He obtained the oil, climbed onto the trailer using the rear ride guard, added the oil, and then descended using the ride guard. Subsequently, Plaintiff climbed onto the trailer to add windshield wiper fluid. When he attempted to get down, however, he fell, facing forward, to the ground. Plaintiff suffered a fractured left wrist.

Plaintiff initiated the above-captioned matter in this court on May 31, 2007. In his complaint, Plaintiff alleges that Defendant negligently failed to provide a safe means of ingress into and egress from the trailer. To support his claim, Plaintiff intends to rely on testimony from Donald Willcutt, Plaintiff's proffered safety expert. If Willcutt is permitted to testify, he would opine that the rear guard of the trailer is not a safe means of ingress and egress and the trailer in question is not designed for human access except with use of a loading dock or ramp. On December 20, 2007 Defendant filed the instant motion seeking to strike Willcutt's expert report because Defendant alleges that Willcutt is not qualified as an expert and that his proposed testimony lacks reliability and trustworthiness.

## II. STANDARD

Federal Rule of Evidence 702 provides that:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 580 (1993), the Supreme Court held that, when faced with a proffer of expert scientific testimony, the trial judge is assigned "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." This ruling was later interpreted by the Court to apply to all expert testimony, not only scientific testimony. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).[1]

The party proffering the expert's testimony bears the burden of persuading the trial court that the expert has specialized knowledge that will aid the fact finder in understanding the evidence or determining a fact at issue. *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 251 (6th Cir. 2001) (citing *Daubert*, 509 U.S. at 592 n. 10). The trial court has wide discretion to determine whether to admit or exclude opinion testimony. *United States v. Paris*, 243 F.3d 286, 288 (6th Cir. 2001).

---

[1] Defendant also alleges that Plaintiff failed to satisfy the admissibility requirements for expert testimony under Michigan Compiled Laws § 600.2955. Separate analysis under this statute is unnecessary because Michigan law closely tracks the case law under Federal Rule of Evidence 702. *See e.g.*, *Greathouse v. Rhodes*, 618 N.W.2d 106, 115 (Mich. 2000) ("The plain language of the statute establishes the Legislature's intent to assign the trial court the role of determining, pursuant to the *Daubert* criteria, whether proposed scientific opinion is sufficiently reliable for jury consideration.") (emphasis omitted).

Further, while expert testimony on ultimate issues for the trier of fact is not *per se* inadmissible, Fed. R. Evid. 704, the court retains substantial latitude to restrict testimony that is not helpful to jurors, *United States v. Sheffey*, 57 F.3d 1419, 1425 (6th Cir. 1995); *Shahid v. City of Detroit*, 889 F.2d 1543, 1547-48 (6th Cir. 1989) (exclusion of expert testimony affirmed where expert's opinion on the ultimate issue amounted to a legal conclusion). Expert opinions should not be admitted if they merely tell the jury what result to reach. *Woods v. Lecureux,* 110 F.3d 1215, 1220 (6th Cir. 1997) ("It is, therefore, apparent that testimony offering nothing more than a legal conclusion – i.e., testimony that does little more than tell the jury what result to reach – is properly excludable under the Rules.").

### III.  DISCUSSION

Defendant first argues that Willcutt is not qualified to render an opinion on the design purpose of the trailer from which Plaintiff fell. (Def.'s Mot. at 5-7.) Similarly, Defendant argues that Willcutt is not qualified to testify concerned whether such trailers are unsafe for ingress and egress without supplemental safety equipment. (*Id.*) Yet, in support of these arguments, Defendant largely relies on factors such as failure to use scientific methods or reliable principles, which would render his opinion inadmissible due to unreliability, without negating Willcutt's status as an expert. (*Id.* at 6-7.) Defendant's sole qualification concern relates to Willcutt's lack of training in ergonomics, human factors and trailer design. (*Id.* at 6.) Plaintiff counters by asserting that, while Willcutt may not be a design expert, he is a "safety expert," as evidenced by his resume. (Pl.'s Resp. at 6.) Plaintiff maintains that Willcutt is undoubtedly qualified to opine on this safety-related issue. (*Id.*)

4

Even if Willcutt were deemed to qualify as a "safety expert" competent to testify in this matter, the court finds that his proffered testimony is not of a kind that would actually assist the trier of fact to understand the evidence or determine a fact in issue. *Nelson*, 243 F.3d at 251 (citing *Daubert*, 509 U.S. at 592 n. 10). Willcutt's report offers wholly unsubstantiated opinions and cursory conclusions. He rendered his opinion that Defendant showed "complete negligence" after reviewing nothing more than the complaint and several photographs of the subject trailer. He did not perform any tests, comparisons, or analysis; he had not even fully reviewed the Plaintiff's deposition testimony before arriving at what was to constitute his ultimate conclusion.

Further, Willcutt's opinion that Defendant was "negligent" amounts to a legal conclusion, and is therefore particularly problematic. *See Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985) ("The problem with testimony containing a legal conclusion is in conveying the witness' unexpressed, and perhaps erroneous, legal standards to the jury. This invades the province of the court to determine the applicable law and instruct the jury as to that law.").

Additionally, Willcutt's testimony is not "the product of reliable principles and methods," as required by Federal Rule of Evidence 702 and further fails to include the "basis and reasons" supporting his conclusions as required by Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff contends that the expert opinion is reliable because, (1) he is an expert, (2) he has 40 years of experience in the trucking industry and 15 years experience as a safety expert and (3) he completed "scientific research." (Pl.'s Resp. at 12.) Initially, it seems to the court that these three reasons collapse into only two, assertions (1) and (3), in view of the fact that assertion (1), the witness's purported

5

expert status, derives from assertion (2), the witness's experience.  Ultimately, whatever may be the state of these assertions, the court cannot agree with Plaintiff's conclusion.  Willcutt's "scientific research" as to his instant opinions consists only of several photographs of equipment associated with other trailers which, according to the witness, would have rendered ingress and egress "safe" if used in this case –or at least not unsafe– because, apparently, it would have made ingress and egress easier to accomplish.

Federal Rule of Evidence 702 requires testimony given by an expert to be "based on sufficient facts or data" and "the product of reliable principles and methods."  Plaintiff unavailingly presents only the expert's qualifications in an attempt to satisfy this wholly independent requirement.  In neither his initial nor supplemental reports does Willcutt establish a basis for his opinion that Defendant was negligent.  During his deposition, Willcutt attempted to justify his opinion by stating that, "[a]fter forty years in the industry and watching these vehicles used, I know what is safe and what is unsafe.  I know what a truck is designed for." (Willcutt Dep. at 91, Def.'s Mot. Ex. J.)  Willcutt fails to detail any principles, methods or comparative cases that he utilized in forming his opinion.  He neither explains nor substantiates any objective standard for what constitutes "safe" in the context of ingress and egress relative to this, or any other trailer.  Other than by asserting that a stairway, or something similar, would make getting in and out *easier,* he does not explain or substantiate the obverse: his apparent conclusion that no one would be able to accomplish ingress and egress relative to the subject trailer other than in an *"unsafe"* manner in its original condition, i.e., without the additional equipment.

His qualifications alone, based as they are upon his unquestionably lengthy service in the industry, are simply insufficient. To allow mere years of experience (even if coupled with an assertion that the defendant could have done things differently or better) to do service for an actual, reasoned explanation would be to permit an opinion to be supported by little more than "because I said so." This witness's testimony fails to meet the requirements of Federal Rule of Evidence 702 and shall be excluded.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's "Motion to Strike Plaintiff's Liability Expert, Donald Willcutt, Pursuant to FRE 702 and MCL 600.2955" [Dkt. # 15] is GRANTED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  February 26, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 26, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522